UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AARON DUBOIS,

    Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,

    Defendant.

No.  CV-11-3118-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENTAND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment.  ECF Nos. 18, 22.  Telephonic oral argument was held on November 5, 2013.  Plaintiff was represented by D. James Tree.  Defendant was represented by Summer Stinson.

Plaintiff brings this action seeking judicial review of the Commissioner's final decision, under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). After reviewing the administrative record, parties' briefs, and hearing oral arguments, the Court grants Defendant's Motion for Summary Judgment, denies Plaintiff's Motion for Summary Judgment, and directs entry of judgment in favor of Defendant.

## I.    Statement of Facts

Plaintiff was born on November 21, 1975 and was thirty-five years old at the time of the hearing.  Tr. 127, 28, 41.  He obtained an Associate Degree from Yakima Valley Community College and a Bachelor of Science Degree in

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENTAND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1**

Information Technology from the University of Phoenix, an online university.  Tr. 278, 372.  He has worked as a cashier, nursery worker, dish washer, computer consultant, and owned his own computer repair business.  Tr. 43-46, 51-53, 144. He lives with his parents.

Plaintiff states he is unable to work because of his back pain, Asperger's disorder, impulse control disorder, bipolar disorder, anxiety disorder, depression, and attention disorder.

## II.    Issues for Review

Plaintiff alleges the ALJ erred on four grounds. First, Plaintiff asserts the ALJ improperly evaluated the medical and psychological opinion evidence. Second, Plaintiff alleges the ALJ improperly rejected his subjective complaints. Third, Plaintiff contends the ALJ improperly rejected the lay witness testimony. Finally, Plaintiff asserts the ALJ failed to meet his burden at step five of the five-step sequential process.

## III.    Discussion

### A. The ALJ Properly Evaluated the Medical and Psychological Opinion Evidence

Plaintiff argues the ALJ improperly rejected the opinions of Dr. Bhaskaran, Dr. Schneider, and Mr. Anderson. At oral argument, Plaintiff argued that these opinions should be credited because the ALJ failed to give adequate reasons for rejecting them.

To properly reject the opinions of Dr. Bhaskaran and Dr. Schneider, the ALJ must provide specific, legitimate reasons based on substantial evidence in the record because Dr. Bhaskaran and Dr. Schneider are treating and examining physicians. *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1222 (9th Cir. 2010). To meet this burden, the ALJ must set out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and make findings.  *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENTAND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2**

However, to reject Mr. Anderson's opinion, the ALJ need only provide "germane" reasons since he is not a physician but a non-medical source. SSR 06-03p; *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

Despite Plaintiff's argument, the ALJ satisfied his burden as to the medical and psychological opinion evidence by setting forth adequate reasons based on substantial evidence in the record. First, as to Dr. Bhaskaran's opinion, the ALJ rejected his opinion because the ALJ found that it was inconsistent with the opinions of the State Physician's opinions, Plaintiff's reported activities, and the medical record as a whole. Tr. 25. These reasons are specific and legitimate; thus, the ALJ properly discounted the opinion of Dr. Bhaskaran. *See Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (holding that ALJ may reject doctor's assessment that is inconsistent with the record as a whole); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding that contrary opinions of examining and non-examining physicians serves as specific and legitimate reasons); *Morgan v. Comm'r. of Soc. Sec. Admin.,* 169 F.3d 595, 602 (9th Cir. 1999) (holding that ALJ may reject medical opinions that are inconsistent with reported activities).

Second, as to Dr. Schneider, the ALJ rejected his opinion because the ALJ found his opinion was inconsistent with Plaintiff's reported activities, the opinions of Mr. Perez, Dr. Beaty, Dr. Kester, and the record as a whole. Tr. 25. These reasons are specific and legitimate; therefore, the ALJ properly rejected Dr. Schneider's opinion.

Third, as to Mr. Anderson's opinion, the ALJ rejected his opinion because the ALJ found that his opinion was inconsistent with the opinions of Mr. Perez, Dr. Beaty, Dr. Kester and the medical record as a whole. Tr. 26. These reasons are germane, thus, the ALJ's rejection of Mr. Anderson's opinion was proper.

Therefore, the ALJ did not err in rejecting Dr. Bhaskaran's, Dr. Schneider's, or Mr. Anderson's opinions, as he provided specific and legitimate reasons for

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENTAND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3**

1  rejecting the physician's opinions and germane reasons for rejecting Mr.

2  Anderson's opinions.

3    **B. The ALJ Properly Rejected Plaintiff's Subjective Complaints**

4         Plaintiff challenges the ALJ's negative credibility assessment and argues the

5  ALJ improperly rejected his subjective complaints by failing to put forth clear and

6  convincing reasons. Specifically, at oral argument, Plaintiff argued that the ALJ's

7  reliance on Plaintiff's daily activities was improper because only those activities

8  that are transferable to a work setting are proper to consider in discrediting

9  Plaintiff.

10        In deciding whether to admit a claimant's subjective symptom testimony, the

11  ALJ must engage in a two-step analysis. *Baston v. Comm'r. of Soc. Sec. Admin.*,

12  359 F.3d 1190, 1196 (9th Cir. 2004). If the requirements of the two-step analysis

13  are satisfied and there is no evidence of malingering, the ALJ may reject the

14  claimant's testimony by stating clear and convincing reasons for doing so. *Id.*

15  General findings are insufficient, as the ALJ must identify what testimony is not

16  credible and what evidence undermines the claimant's complaints. *Berry v. Astrue*,

17  622 F.3d 1228, 1234 (9th Cir. 2010). In weighing credibility, the ALJ may

18  consider inconsistencies in the claimant's testimony or between his testimony and

19  his daily activities and his work record. *Thomas v. Barnahrt*, 278 F.3d 947, 958-59

20  (9th Cir. 2002)

21        Here, the ALJ properly rejected Plaintiff's subjective complaints by

22  providing clear and convincing reasons for doing so and identifying which

23  testimony is not credible and what evidence undermined Plaintiff's complaints.

24  With respect to credibility, the ALJ held that Plaintiff's reported activities are

25  inconsistent with his alleged limitations and symptoms. Tr. 23. To support his

26  finding, the ALJ relied on facts such as Plaintiff earning an Associate's Degree,

27  pursuing a Bachelor's Degree, preparing his own meals, completing household

28  chores, going outside alone, engaging in recreational activities, shopping, attending

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENTAND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4**

church functions, having friends, and his previous work history. Tr. 23-24. These are clear and convincing reasons because it was reasonable for the ALJ to conclude that those activities are transferable to a work setting.  *See Thomas*, 278 F.3d at 960 (holding the ALJ may consider claimant's work history in assessing claimant's credibility); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (holding that reliance on activities that claimant spends a substantial part of his day engaged in involving the performance of physical functions that are transferable to a work setting was proper in discrediting claimant's credibility).  Thus, the ALJ properly rejected the Plaintiff's subjective complaints.

**C. The ALJ Found Plaintiff's Mother's Testimony Credible**

Plaintiff next argues the ALJ erred by improperly rejecting his mother's lay witness testimony. Plaintiff contends that the ALJ failed to provide specific reasons for rejecting his mother's testimony and failing to include the limitations that she noted in his Residual Functional Capacity ("RFC") determination or propounded hypothetical question to the vocational expert (the "VE"). Instead, the Plaintiff contends that the ALJ "cherry-picked" her testimony to overstate Plaintiff's abilities while ignoring her statements that demonstrated less capability.

In determining whether a claimant is disabled, an ALJ must consider lay witness testimony. *Stout v. . Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006).  Lay witness testimony cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).  To discount lay witness testimony, the ALJ must give reasons germane to each witness.  *Id.*

Here, the ALJ did not discredit Plaintiff's mother's testimony.  Instead, the ALJ gave "considerable consideration" to her testimony because the ALJ found it consistent with Plaintiff's reported activities. Tr. 26.  Thus, Plaintiff's argument pertaining to the ALJ's failure to provide specific reasons for rejecting his mother's testimony fails, as her testimony was not discredited.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5**

1      Further, it is true, as Plaintiff argued at oral argument, that the ALJ did not

2  specifically address Plaintiff's mother's noted limitations regarding his social skills

3  and concentration deficits.  Tr. 26.  However, those limitations were accurately

4  reflected in the ALJ's RFC determination by limiting Plaintiff, from a mental

5  standpoint, to simple, routine, and repetitive tasks that are performed away from

6  the public.  Tr. 22.  Therefore, the ALJ did account for the mother's noted

7  limitations in his RFC assessment that were supported by substantial evidence in

8  the record.

9  **D. The ALJ Properly Satisfied His Burden At Step Five of the Five-Step**

10     **Sequential Evaluation Process**

11     Finally, Plaintiff argues the ALJ failed to meet his burden at step five of the

12  five-step sequential evaluation process because the ALJ relied upon testimony

13  from the VE that was provided in response to an incomplete hypothetical. Plaintiff

14  argues the hypothetical was incomplete because it failed to account for limitations

15  that the ALJ improperly rejected.

16     At step-five of the evaluation process, the burden shifts to the ALJ to

17  demonstrate that the claimant is not disabled and that he can engage in some type

18  of gainful activity that exists in "significant numbers" in the national economy.

19  *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). An ALJ may satisfy his

20  burden by propounding a hypothetical to a VE that is based on medical

21  assumptions supported by substantial evidence in the record. *Roberts v. Shalala*, 66

22  F.3d 179, 184 (9th Cir. 1995). To be complete, the hypothetical must include all of

23  the claimant's functional limitations that are supported by the record.  *Flores v.*

24  *Shalala*, 49 F.3d 562, 570 (9th Cir. 1995).  However, an ALJ's hypothetical need

25  not include all claimed impairments.  *Magallanes*, 881 F.2d at 756.

26     Here, the ALJ satisfied his burden at step-five of the evaluation process

27  because his hypothetical included all of Plaintiff's limitations that are supported by

28  substantial evidence in the record. Plaintiff's argument assumes that the ALJ

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENTAND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 6**

improperly rejected limitations and, thus, his hypothetical was incomplete because it failed to include those limitations that were rejected. However, the ALJ properly evaluated the medical opinion evidence; thus, he did not err in excluding the rejected limitations in the hypothetical.

Additionally, at oral argument, Plaintiff argued that since the vocational expert testified that the limitations assessed by Dr. Kester would alone preclude him from employment, Plaintiff is disabled. However, Plaintiff's argument is without merit because Dr. Kester's summary conclusions from the standard Social Security form ("POMS form") states that Plaintiff is able to perform simple work, work superficially away from the public, and adjust to periodic changes in the public and these limitations were accounted for in the ALJ's RFC assessment.  Tr. 302.  Further, the POMS form does not have the force of law and is only persuasive authority. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006). Thus, the ALJ satisfied his burden, as he propounded a complete hypothetical to the VE.

## IV.    Conclusion

Having reviewed the record in its entirety and the ALJ's conclusions, the Court finds the ALJ's decision is free of legal error and supported by substantial evidence in the record.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 18 is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 22 is **GRANTED.**

3. The Commissioner's decision denying Plaintiff benefits is **AFFIRMED.**

///
///
///
///
///

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENTAND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7**

4.  The District Court Executive is directed to enter judgment in favor of
Defendant and against Plaintiff.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this
Order, forward copies to counsel, and **close the file**.

**DATED** this 15th day of November, 2013.


_s/Robert H. Whaley_
ROBERT H. WHALEY
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENTAND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 8**